The People of the State of Illinois, Defendant in Error, v. King Chow Lo, Plaintiff in Error.

### Gen. No. 17,148.

DRAMSHOPS—*what does not constitute illegal sales.* Customers in a restaurant asked to be served with beer and were informed by their waiter that he had no beer, but if they would give him the money to pay for it, he would go out and get it for them. This was done and he went to a saloon across the street and purchased the beer, the restaurant proprietor having no monetary interest in the transaction. It was the custom of the waiter to

do this for other customers. *Held*, the restaurant proprietor did not violate the Dramshop Act by selling liquor without a license.

BAUME, J., dissenting.

Error to the Municipal Court of Chicago; the HON. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with finding of fact. Opinion filed October 16, 1912.

MILCHRIST & MILCHRIST, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACK HOFHEIMER, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

Plaintiff in error, King Chow Lo, a restaurant keeper in the City of Chicago, was convicted and fined in the Municipal Court of selling intoxicating liquor in less quantity than one gallon without a license.

The evidence discloses that on the day in question two police officers came separately into the restaurant of plaintiff in error and each ordered a meal of one Tom Yah, the waiter in attendance; that each officer also asked to be served with a bottle of beer; that the waiter informed each officer that he had no beer, but that if he would give him the money to pay for it, he would go out and get it for him; that each officer in turn gave to the waiter a sum of money and the waiter then went to a saloon across the street and bought the beer, returned to the restaurant and delivered to each officer the bottle of beer purchased for him and returned to each officer the change coming to him; that no beer or intoxicating liquor of any kind was ever kept on the premises or sold by plaintiff in error to any one, but that it was a common practice when customers asked for beer and furnished the money to the waiter to buy it with, for the waiter to go out and buy it for and as a favor to the customer;

that in such transactions plaintiff in error received no compensation directly or indirectly. There are no controverted questions of fact.

The contention of the State is that the transaction amounts to a shift or device to evade the provisions of the Dramshop Act. Section 1 of that act defines a dramshop to be a place where spirituous or vinous or malt liquors are retailed in less quantities than one gallon. Section 2 prohibits everyone not having a license to keep a dramshop from directly or indirectly selling intoxicating liquor in less quantity than one gallon or in any quantity to be drunk on the premises, and Section 13 provides that the giving away of intoxicating liquors, or other shift or device to evade the provisions of the act shall be held to be an unlawful selling. The plain intent of the legislature in passing this act was to prevent the retail traffic in intoxicating liquor by unlicensed dramshop keepers; to define retail traffic to be sales of such liquor in less quantity than one gallon and to so safeguard the law that a violation of it in fact could not be hidden behind some blind or subterfuge. It was never intended as a snare for the innocent or to cause any one to be punished, unless they were in fact guilty of dealing in intoxicating liquor in violation of the spirit of the act. It is the sale of intoxicating liquor that is prohibited by the second section of the act, and it is only such gifts, shifts or devices, as guilty persons seek to hide an unlawful sale behind, that the statute requires to be construed to be an unlawful selling. There is nothing in this transaction disclosed by the evidence to indicate an intention to violate, or the violation of the Dramshop Act. The customers gave to the waiter money with which to purchase for each of them a bottle of beer, which he did. They were each told in advance that the waiter would go and get it. The undisputed evidence is that the waiter went across the street to a saloon and purchased the beer for the customers and with their money. There was nothing secret or

underhanded in the whole transaction. The transaction was in no way different in fact from what on its face it appeared to be. The fact that the same waiter had done the same thing for other customers at other times, or that it was his custom to do so, would not change an innocent and lawful act into a criminal one. The evidence conclusively shows that plaintiff in error had no beer for sale or on the premises; that he did not sell any or give any away, and had no interest in and received no profit, benefit or compensation from this transaction. The waiter, in going for and procuring the beer, paying for it and delivering it to the customers, was the agent of the customers and not of plaintiff in error. If, under the facts in this case, plaintiff in error can be held to be a dramshop keeper, or to have violated the Dramshop Act, he could be held to be a livery stable keeper if his waiter at the request of a customer had called a hack, or could be held to have violated the internal revenue laws if at their request he had purchased cigars instead of beer for the customers.

For the reasons stated, the judgment of the court below is reversed with a finding of fact to be incorporated in the judgment.

*Judgment reversed with finding of fact.*

FINDING OF FACT: We find as an ultimate fact that plaintiff in error is not guilty of selling intoxicating liquor in less quantity than one gallon without having a license so to do.

MR. JUSTICE BAUME dissents.